**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TAMARA LEIGH LUCUS**                                                                       **PLAINTIFF**

**v.**                                              **NO. 4:23-cv-0450-KGB**

**JOHN S. STOBAUGH, JOHN S. STOBAUGH, P.A.,
AND SCHNIPPER, BRITTON & STOBAUGH**                                    **DEFENDANTS**

**JOINT RULE 26(F) REPORT**

Plaintiff, Tamara Leigh Lucus ("TL") and Defendants, John S. Stobaugh, John S. Stobaugh, P.A., and Schnipper, Britton & Stobaugh ("JSS"), for their joint rule 26(f) report, state:

(1)   **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).**

*Response:*  No.

(2)   **Date when mandatory disclosures were or will be made.**

*Response:*  December 28, 2023

(3)   **Subjects on which discovery may be needed.**

*Response:* Plaintiff contends that all emails and texts ("E-documents") between the Defendants and Plaintiff, or pertaining to her case in any way during the course of the Defendants' ("the firm's) representation of her or thereafter constitute "correspondence" for purposes of producing the client file.  These should begin with Plaintiff's first contact with the firm and end with the last E-document relating in any way to her or her case.  Any in-house documents between Stobaugh, and any

other firm members related to the case should be included.  Defendant will not be required to produce any documents that are protected by attorney-client privilege. The parties believe they will be able to agree as to which documents are privileged. If not, the parties will submit that issue to the Court.

Plaintiff contends that the majority of these E-docs can be provided now in PDF form through Artificial Intelligence. Plaintiff can get the remainder later in the digital format Plaintiff needs when some minor E-discovery takes place. Plaintiff's position is that the E-documents noted above are required as a part of the firm's initial disclosures. They are a part of the client file (correspondence).

(4)   **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

*Response:*  Yes.

(a)   **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

*Response:*  Yes.

(b)   **the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

*Response:*  N/A

(c)   **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

*Response:*  The electronic E-documents should be produced in their native format.

(d)     **whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

*Response:*  Plaintiff does not know.

(e)     **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

*Response:*  None.

(5)     **Date by which discovery should be completed.**

*Response:*  June 15, 2024.

(6)     **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

*Response:*  None.

(7)     **Any orders, e.g. protective orders, which should be entered.**

*Response:*  None.

(8)     **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

*Response:*  None.

(9)     **Any objections to the proposed trial date.**

*Response:*  The parties have no objections to Court's proposed trial date – July 29 – August 1, 2024.

3

(10) **Proposed deadline for joining other parties and amending the pleadings.**

*Response:* The parties have no issue with the Court's proposed deadline of February 5, 2024.

(11) **Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

*Response:* The parties have no issue with the Court's proposed discovery deadline of May 15, 2024.

(12) **Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

*Response:* The parties have no issue with the Court's proposed deadline for filing motions of May 30, 2024.

(13) **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference.)**

*Response:* N/A.

Respectfully submitted,


Jack Wagoner III, A.B.A. # 89096
Bruce Tennant, A.B.A. #86164
Wagoner Law Firm, P.A.
1320 Brookwood, Suite A
Little Rock, AR 72202
Phone: (501) 663-5225
Email: jack@wagonerlawfirm.com
Email: bruce@wagonerlawfirm.com

and

Donald H. Bacon, AR Bar No. 78007
FRIDAY ELDREDGE & CLARK
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
(501) 370-1539 – Telephone
(501) 244-5352 – Facsimile
bacon@fridayfirm.com – Email

5