**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TAMARA LEIGH LUCUS**                                                                      **PLAINTIFF**

**v.**                                        **Case No. 4:23-cv-00450-KGB**

**JOHN S. STOBAUGH,** *et al*.                                                              **DEFENDANTS**

**ORDER**

Before this Court is defendants John S. Stobaugh, John S. Stobaugh, P.A., and Schnipper, Britton & Stobaugh's ("Defendants") motion for protective order (Dkt. No. 25). Defendants maintain that the scope of plaintiff Tamara Leigh Lucus's requested deposition "will include inquiry into certain matters that are privileged and confidential under both state and federal law." (*Id.*, ¶ 2). Defendants seek a protective order pursuant to Federal Rule of Civil Procedure 26 prohibiting the discovery of the information plaintiff seeks in the deposition (Dkt. No. 25, ¶¶ 3, 5). From Defendants' filing, the only basis for this motion appears to be the mediation and mediation agreement (Dkt. Nos. 25-2; 25-3).

Ms. Lucus responds that there is not a mediation privilege regarding Ms. Lucus's communication with her former counsel Mr. Stobaugh, one of the defendants in the current matter, because Ms. Lucus does not seek the testimony of the mediator or any work product (Dkt. No. 27, ¶ 2). Ms. Lucus further maintains that Defendants cannot raise their arguments regarding the privilege of such communications because their counsel asked questions about the mediation in the depositions of Ms. Lucus and Robert Lucus (*Id.*, ¶¶ 6-9).

With respect to discovery being sought from Defendants related to the mediation and mediation agreement in this case, Arkansas law provides, in pertinent part:

(a) Except as provided by subsection (c) of this section, a communication relating to the subject matter of any civil or criminal dispute made by a participant in a

dispute resolution process, whether before or after the institution of formal judicial proceedings, is confidential and is not subject to disclosure and may not be used as evidence against a participant in any judicial or administrative proceeding.

(b) Any record or writing made at a dispute resolution process is confidential, and the participants or third party or parties facilitating the process shall not be required to testify in any proceedings related to or arising out of the matter in dispute or be subject to process requiring disclosure or production of information or data relating to or arising out of the matter in dispute.

(c) If this section conflicts with other legal requirements for disclosure of communication or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine in camera whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

Ark. Code. Ann. § 16-7-206.

The current dispute involves claims brought by Ms. Lucus against Defendants resulting from Defendants' representation of Ms. Lucus in a mediation related to her divorce proceedings. Ms. Lucus asserts that she "is entitled to ask her former lawyer why he was unprepared for mediation and advised her to settle at mediation." (Dkt. No. 27, ¶ 5).

Even if Arkansas Code Annotated § 16-7-206 applies to this discovery dispute, this Court has jurisdiction over the current dispute between Ms. Lucus and Defendants and determines pursuant to subsection "c" of the statute that the facts, circumstances, and context of the communications and materials sought by Ms. Lucus are subject to disclosure, given the claims and anticipated defenses in the case.

Moreover, even if the statute applies, this Court's discretion to permit disclosure is informed by Defendants' conduct. Defendants, through their counsel, questioned Ms. Lucus and Mr. Lucus about the mediation at their depositions (*Id.*, ¶¶ 6-7). This Court will not permit

Defendants now to use Arkansas Code Annotated § 16-7-206 as a shield to prohibit Ms. Lucus from obtaining otherwise discoverable information and documents in this case.

The Court understands that Defendants seek a protective order to prohibit the discovery. The Court does not understand Defendants to seek a protective order to maintain the confidentiality of the information being sought, if subject to disclosure, so the Court does not address that issue.

The Court understands Defendants' only basis for requesting a protective order and asserting claims of privilege and confidentiality under state or federal law to be the mediation and mediation agreement (Dkt. Nos. 25-2; 25-3).  To the extent Defendants purport to assert some other basis for their request for a protective order, their argument is not fully developed as to an alternate basis.  The Court denies Defendants' motion for this reason, as well.

For these reasons, the Court denies Defendants' motion (Dkt. No. 25).  The Court will be available *via* phone September 5, 2024, should any problems arise during the deposition that the parties wish to raise with the Court.

It is so ordered this the 4th day of September, 2024.

Kristine G. Baker
United States District Judge