IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAMARA LEIGH LUCUS**                                                                                          **PLAINTIFF**

v.                                                 **Case No. 4:23-cv-00450-KGB**

**JOHN S. STOBAUGH,** *et al.*                                                                               **DEFENDANTS**

## ORDER

Before the Court is plaintiff Tamara Leigh Lucus's motion to compel (Dkt. No. 33). Defendants John S. Stobaugh, John S. Stobaugh, P.A., and Schnipper, Britton & Stobaugh ("Defendants") responded (Dkt. No. 35). Ms. Lucus replied (Dkt. No. 36). The Court examines each discovery request at issue in the motion and, under the circumstances of this case, will not rest its ruling on efforts to confer in good faith prior to filing the motion or timeliness of the motion (Dkt. No. 35, at 2–4). For the following reasons, the Court grants, in part, and denies, in part, Ms. Lucus's motion to compel (Dkt. No. 33).

      **I.**      **Requests For Production Nos. 1, 2, And 3**

Ms. Lucus's Request for Production No. 1 requests that Defendants "[p]roduce [their] entire file regarding [Ms. Lucus] including all billing statements, engagement contracts, proof of payment, and [their] work product." (*Id.*, at 3). In response to Ms. Lucus's Request for Production No. 1, Defendants object and state: "This request is vague, overbroad and seeks information protected from disclosure of attorney-client privilege, attorney work-product and seeks information prepared in anticipation of litigation." Defendants end their response to the request with "[n]otwithstanding" followed by directing Ms. Lucus to review documents Defendants already produced (*Id.*).

In her Request for Production No. 2, Ms. Lucus requests "all documents provided" to Defendants by Ms. Lucus (*Id.*). Defendants object to this request and claim "[a]ny and all documents provided by [Ms. Lucus] are accessible to [Ms. Lucus]. Notwithstanding" the objection, Defendants instruct Ms. Lucus to see documents previously produced (*Id.*).

Ms. Lucus's Request for Production No. 3 requests "all email correspondence between [Defendants] and anyone regarding [Defendants'] representation of [Ms. Lucus], including [Ms. Lucus], Tammy Gattis, and the Mediator." (*Id.*, at 4). In response to this request, Defendants reassert their objection offered in response to Request for Production No. 1 and instruct Ms. Lucus to see another set of documents previously produced (*Id.*).

In support of her position that Defendants should be compelled to answer her Requests for Production, Ms. Lucus cites *Taylor-Shaw v. Bestway Rent-to-Own*, Case No. 5:09CV00329 JLH, 2010 WL 2998796 (E.D. Ark. July 28, 2010) (Dkt. Nos. 33, ¶ 9; 34, at 2). In *Taylor-Shaw*, United States District Judge J. Leon Holmes wrote:

> [T]he difficulty is that when a discovery response begins with an objection and then an answer is given "subject to and without waiving" the objection, the opposing party has no way to know if the answer is full and complete or whether information has been withheld as a result of the objection. On the one hand, if no information has been withheld, the objection would seem to be gratuitous. On the other hand, if information has been withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is, so that she can contest the objection.

*Taylor-Shaw*, 2010 WL 2998796, at *3.

The Court agrees that the *Taylor-Shaw* reasoning is applicable to Defendants' responses to Requests for Production Nos. 1, 2, and 3. Unlike the defendant in *Taylor-Shaw* who followed its objection to the discovery request with "[s]ubject to and without waiving the foregoing objections," *Taylor-Shaw*, 2010 WL 2998796, at *3, here Defendants followed their objections to the Requests for Production at issue in the motion with "[n]otwithstanding" coupled with language

2

directing Ms. Lucus's attention to documents already produced (Dkt. No. 33, at 3–4). Though the language differs, the substance of Defendants' approach to the discovery request is in effect the same as the defendant in *Taylor-Shaw*; "the opposing party has no way to know if the answer is full and complete or whether information has been withheld as a result of the objection." *Taylor-Shaw*, 2010 WL 2998796 at *3. Therefore, the reasoning in *Taylor-Shaw* applies to Defendants' responses to the Requests for Production Nos. 1, 2, and 3.

Defendants claim that they "completely" responded to Requests for Production Nos. 1 and 2 and that Request for Production No. 3 "clearly encompasses email correspondence between Defendants and current counsel." (Dkt. No. 35, at 5). The Court instructs Defendants within 14 days from the entry of this Order either: (1) to respond to Requests for Production Nos. 1, 2, and 3 by identifying generally responsive information withheld on the basis of the objections asserted by Defendants and specifically to produce a privilege log, if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine, so that Ms. Lucus may assess whether to challenge the responses; or (2) to withdraw the objections based on Defendants' responses.

**II.    Request For Production No. 4**

Ms. Lucus's Request for Production No. 4 requests "all pleadings filed by [Defendants] on behalf of" Ms. Lucus (Dkt. No. 33, at 4). Ms. Lucus claims that this request should be answered because it is unclear if any pleadings were filed under seal (Dkt. No. 34, at 3). Defendants object claiming that "[p]leadings are available to [Ms. Lucus] as it is to Defendants as they are public records" and instructed Ms. Lucus to see the underlying divorce matter in the Saline County Circuit Court (Dkt. No. 33, at 4). Defendants further claim that all pleadings are public record, and none were filed under seal (Dkt. No. 35, at 5). Because no pleadings were filed under seal and all

pleadings are public record equally available to Ms. Lucus, Ms. Lucus's motion to compel Defendants to respond to Request for Production No. 4 is denied.

### III. Request For Production No. 5

Ms. Lucus's Request for Production No. 5 requests "all documents received by [Defendants] in discovery in [their] representation" of Ms. Lucus (Dkt. No. 33, at 4).  Defendants object claiming "[t]his request is vague, overbroad and unduly burdensome.  This request also seeks information prepared in anticipation of litigation and protected from disclosure by the attorney-client privilege and work product doctrine." (*Id.*).  Defendants followed their objection with nearly the same language that the defendant in *Taylor-Shaw* used:  "[s]ubject to and without waiving the objection stated herein, there are none." (*Id.*).  Defendants then claim that it is unclear what Ms. Lucus means by "discovery" in her request and ask that she specify what she means (*Id.*).

The Court is unpersuaded by Defendants' claim that Defendants do not understand what Ms. Lucus means by "discovery."  Further, for the reasons discussed above, the reasoning from *Taylor-Shaw* applies to Defendants' response to Request for Production No. 5.  Therefore, the Court instructs Defendants within 14 days from the entry of this Order either: (1) to respond to Request for Production No. 5 by identifying generally responsive information withheld on the basis of the objections asserted by Defendants and specifically to produce a privilege log, if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine, so that Ms. Lucus may assess whether to challenge the response; or (2) to withdraw the objections based on Defendants' response.

## IV.     Conclusion

For the foregoing reasons, the Court grants Ms. Lucus's motion to compel with respect to Requests for Production Nos. 1, 2, 3, and 5 and denies Ms. Lucus's motion with respect to Request for Production No. 4 (Dkt. No. 33).

It is so ordered this 8th day of November, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge